JUDGE DANIELS

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: 212-400-7160
Fax: 212-400-7162
*Attorneys for Plaintiff*

'08 CIV 5165

RECEIVED
JUN 05 2008
U.S.D.C. S.D.N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

GILBERTO GUTIERREZ, on behalf of himself and others similarly situated,

    Plaintiff,

v.

JAMALI GARDEN SUPPLIES, INC.

    Defendant.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, GILBERTO GUTIERREZ (hereinafter, "GUTIERREZ" or "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorney, hereby files this Complaint against Defendant, JAMALI GARDEN SUPPLIES, INC. (hereinafter, "JAMALI GARDEN SUPPLIES" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff, GUTIERREZ, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff, GUTIERREZ, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendant: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

### PARTIES

5. Plaintiff, GUTIERREZ, is a resident of Queens County, New York.

6. Defendant, JAMALI GARDEN SUPPLIES, is a domestic business corporation organized under the laws of New York with a principal executive office at. 149 W. 28th St., New York, NY, 10001.

7. Plaintiff was employed by Defendant from on or about February 2001 to on or about February 24, 2008.

8. At all relevant times, JAMALI GARDEN SUPPLIES was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff, GUTIERREZ, was directly essential to the business operated by Defendant, JAMALI GARDEN SUPPLIES.

10. At all relevant times, JAMALI GARDEN SUPPLIES knowingly and willfully failed to pay GUTIERREZ his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

11. Plaintiff, GUTIERREZ has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATEMENT OF FACTS

12. In or about February of 2001, Plaintiff, GUTIERREZ, was hired by Defendant, JAMALI GARDEN SUPPLIES, to work as a delivery-person, stock-person, and cleaner for Defendant's garden supply company located in New York County, New York.

13. During GUTIERREZ'S employment by Defendant, he worked over forty (40) hours per week.

14. JAMALI GARDEN SUPPLIES knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

15. Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff realleges and reavers Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

18. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

19. Upon information and belief, at all relevant times, JAMALI GARDEN SUPPLIES has had gross revenues in excess of $500,000.

20. Plaintiff, GUTIERREZ, was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

21. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

22. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

23. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

24. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, GUTIERREZ, at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

25. Defendant failed to properly disclose or apprise Plaintiff, GUTIERREZ, of his rights under the FLSA.

26. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, GUTIERREZ, is entitled to liquidated damages pursuant to the FLSA.

27. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff, GUTIERREZ, suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

28. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

29. Plaintiff realleges and reavers Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

31. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

32. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GUTIERREZ, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

06-16-08;12:58PM;                                                ;6465125603                # 6/ 7

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against JAMALI GARDEN SUPPLIES and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of JAMALI GARDEN SUPPLIES'S willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of JAMALI GARDEN SUPPLIES'S willful failure to pay overtime compensation pursuant to the New York Labor Law;

f. An award of prejudgment and postjudgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 16, 2008

                    Respectfully submitted,

                    LAW OFFICES OF
                    ROBERT L. KRASELNIK, PLLC
                    *Attorneys for Plaintiff*
                    40 Wall Street, 28th Floor
                    New York, NY 10005
                    Tel.: (212) 400-7160
                    Fax: (212) 400-7162

By: _____
     ROBERT L. KRASELNIK (RK 0684)