UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GILBERTO GUTIERREZ, on behalf of himself        08 CV 5165 (GBD)
and others similarly situated,

                   Plaintiff,        **FIRST AMENDED ANSWER**

       - v. -

JAMALI GARDEN SUPPLIES, INC.,        <u>JURY TRIAL DEMANDED</u>

                 Defendant.
------------------------------------------------------------X

      Defendant JAMALI GARDEN SUPPLIES, INC., by their attorney ARTHUR H.

FORMAN, as and for its First Amended Answer to the Complaint of the plaintiff,

GILBERTO GUTIERREZ, alleges and states:

## <u>INTRODUCTION</u>

      1.     Deny the allegations set forth in paragraph "1" of the Complaint, except

admit that the plaintiff purports to proceed against the defendant as set forth therein.

      2.     Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that the plaintiff purports to proceed against the defendants as set forth therein.

## <u>JURISDICTION AND VENUE</u>

      3.     Deny the allegations set forth in paragraph "3" of the Complaint, except

admit that the jurisdiction of this court is purportedly invoked as set forth therein.

      4.     Admit that the venue of this action is within the Southern District of New

York.

## <u>PARTIES</u>

      5.     Deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations set forth in paragraph "5" of the Complaint.

      6.     Admit the allegations set forth in paragraph "6" of the Complaint.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the plaintiff was employed by defendant until approximately February 24, 2008.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, and respectfully refer all questions of statutory construction to the court for determination.

9.      Deny the allegations set forth in paragraph "9" of the Complaint.

10.     Deny the allegations set forth in paragraph "10" of the Complaint.

11.     Deny the allegations set forth in paragraph "11" of the Complaint.

## STATEMENT OF FACTS

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff was hired by defendant to work as a delivery person.

13.     Admit so much of the allegations set forth in paragraph "13" of the Complaint as allege that there were times when plaintiff worked over forty (40) hours in one week for defendant.

14.     Deny the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint.

## COUNT I

16.     Defendant repeats, reiterates and realleges each and every answer contained in paragraphs "1" through "15" as if more fully set forth at length herein.

17.     Admit the allegations set forth in paragraph "17" of the Complaint.

18.     Admit the allegations set forth in paragraph "18" of the Complaint

19.     Admit the allegations set forth in paragraph "19' of the Complaint.

20.     Admit the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.    Deny the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff represents that he intends to proceed as set forth therein.

24.    Deny the allegations asserted in paragraph "24" of the Complaint.

25.    Deny the allegations set forth in paragraph "25" of the Complaint.

26.    Deny the allegations set forth in paragraph "26" of the Complaint.

27.    Deny the allegations set forth in paragraph "27" of the Complaint.

28.    Admit the allegations set forth in paragraph "28" of the Complaint.

## COUNT II

29.    Defendant repeats, reiterates and realleges each and every answer contained in paragraphs "1" through "28" as if more fully set forth at length herein.

30.    Admit the allegations set forth in paragraph "30" of the Complaint.

31.    Deny the allegations set forth in paragraph "31" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32.    Some or all of the claims of  plaintiffs are barred by the applicable statute of limitations.

## AS AND FOR A FIRST COUNTER-CLAIM
## AGAINST DEFENDANT GUTIERREZ

33.    Plaintiff Gutierrez is indebted to defendant for the sum of $1,960.30, representing the balance of money loaned by defendant to plaintiff to pay credit card charges, electric charges and as an advance against future salary, no part of which has been paid although duly demanded.

## AS AND FOR A SECOND COUNTER-CLAIM
## AGAINST DEFENDANT GUTIERREZ

34.    Plaintiff Gutierrez is indebted to defendant for the sum of $1,200.00, representing the balance of rent owed to defendant for the months of February, March and April 2008, no part of which has been paid although duly demanded.

**WHEREFORE**, defendant demands judgment dismissing the Complaint and denying all relief requested therein, and awarding defendant judgment against plaintiff Gutierrez in the total sum of $3,160.30, together with interest from February 1, 2008 and the costs of defending this action, including reasonable attorney fees.

Dated:   July 1, 2008
           Forest Hills, New York

                                              _____/S/_____
                                              Arthur H. Forman (AF-9646)
                                              98-20 Metropolitan Avenue
                                              Forest Hills, New York 11375
                                              (718) 268-2616

                                              *Attorney for Defendant*